UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TELVIN HENYARD | * | CIVIL ACTION NO.  18-0062<br>SEC. P. |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| LASALLE CORRECTIONS, L.L.C.,<br>ET AL. | * | MAG. JUDGE KAREN L. HAYES |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion to dismiss for failure to state a claim upon which relief can be granted, [doc. # 17], filed

by defendants Pamela Hearn and Elijah Bouthe (incorrectly named in the complaint as "Elijah

Bootat").  For reasons set forth below, it is recommended that the motion be granted.

<u>Background</u>

On January 18, 2018, Telvin Henyard, a former inmate, filed the instant civil rights

complaint pursuant to 42 U.S.C. § 1983, together with associated state law tort claims, against

various officials and medical providers[1] at the Richwood Correctional Center ("RCC") and the

Madison Parish Correctional Center ("MPCC").  Plaintiff alleges that on June 19, 2017, he was

an inmate at the RCC when a light fixture fell from the ceiling and landed on his shoulder,

fracturing his clavicle.  RCC officers transported Henyard to the hospital where his bone was set

and fixed in a brace.  The hospital released Henyard with instructions to be seen by an orthopedic

doctor for further treatment, including surgery, if needed.  RCC officials and medical providers

---

[1]  Named defendants include:  LaSalle Corrections, L.L.C.; Warden Ray Hanson; Dr.
Boa; Dr. Myra Ross; Warden Chris Stinson; Elijah Bouthe, LPN; Dr. Pamela Hearn; William K.
McConnell; Pat Temple; Kevin Sumrall; and Johnny Creed.

never arranged for Henyard to receive the follow-up care as instructed by the hospital.

Because of the untreated clavicle, Henyard developed gastrointestinal problems. Drs. Boa and/or Ross prescribed Amoxicillin even though his charts indicated that he was allergic to this antibiotic. As a result, Henyard suffered a serious reaction, including elevated heart rate and a 30 pound weight loss. Although RCC officers eventually transported Henyard to the hospital on account of his allergic reaction, RCC officials and doctors failed to assure that Henyard received appropriate follow-up care for his gastrointestinal issues.

On an unspecified date, Henyard was transferred from the RCC to the MPCC. Again, however, MPCC officials and medical providers (Dr. Hearn and LPN Boothe) failed to arrange necessary follow-up care for Henyard's broken clavicle and gastrointestinal issues.

On October 16, 2017, Henyard was released from custody, whereupon he learned that the bones in his arm and clavicle did not heal properly because he failed to receive requisite follow-up care and/or surgery. His right arm and shoulder are now permanently disfigured and disabled. Henyard contends that defendants' failure to arrange necessary follow-up care violated his due process and equal protection rights under the Fourteenth and Eighth Amendments to the U.S. Constitution. He further asserts unspecified state law tort claims against defendants, including a claim that the medical provider defendants breached the applicable standard of care as professional healthcare providers. Plaintiff seeks compensatory and punitive damages against defendants, plus attorney's fees and costs.

On April 11, 2018, defendants, Pamela Hearn and Elijah Boothe, filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Movants contend that they are "qualified health care providers" under the Louisiana Medical Malpractice Act

("LMMA"), and, as such, no malpractice action may be brought against them before the claimant's proposed complaint first has been presented to a medical review panel. La. R.S. 40:1231.8(B)(1)(a)(i). Movants assert that no medical review panel has been initiated, and thus, the instant suit against them is premature and subject to dismissal on that basis.

On May 2, 2018, plaintiff filed a response to the motion to dismiss in which he agreed that his medical malpractice/negligence claim against movants is premature and subject to dismissal, without prejudice, or alternatively, stayed, until such time as the medical review panel process is completed. [doc. # 19]. Plaintiff further stated, however, that discovery should be permitted to proceed as to his § 1983 claims against all defendants, including Dr. Hearn and LPN Bouthe.

On May 9, 2018, movants filed a reply brief, whereby they urged dismissal of the state law claims, in lieu of a stay. Furthermore, they expanded the scope of their original motion to include dismissal of plaintiff's § 1983 claims against them because plaintiff did not set forth any facts to plausibly support that movants were deliberately indifferent to plaintiff's medical conditions.

<u>Analysis</u>

I.      **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

3

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*.  (citation omitted).  A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*.  Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and

its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record).

## Analysis

### I.    Tort Claims

The LMMA provides that "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137–38 (5th Cir.2016) (en banc) (citing La. R.S. § 40:1231.8(B)(1)(a)(i)). Furthermore, before filing suit, a plaintiff must wait until "the panel has rendered its expert opinion on the merits of the complaint . . ." *Id.* (citing *Delcambre v. Blood Sys., Inc.,* 893 So.2d 23, 27 (La.2005)). If the plaintiff fails to comply with the pre-suit exhaustion requirement, then his suit must be dismissed without prejudice. *Id.* (citations omitted).

The LMMA defines malpractice as,

> any **unintentional tort** or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, **including failure to render services timely** and the handling of a patient, . . . in the training or supervision of health care providers . . .
> La. R. S. § 40:1231.1A(13) (emphasis added).

Here, it is undisputed that plaintiff's state law negligence and professional malpractice

claims against Pamela Hearn and Elijah Bouthe are claims covered by the LMMA.[2]  Moreover, defendants adduced certificates of enrollment for Hearn and Bouthe which show that they are qualified health care providers under the LMMA.  (Certificates; M/Dismiss, Exh. A).[3]  Plaintiff further concedes that he has yet to convene a medical review panel.  *See* Pl. Memo., pgs. 1-2.

Accordingly, the court finds that plaintiff's state law negligence and professional malpractice claims against Pamela Hearn and Elijah Bouthe are subject to dismissal without prejudice for failure to exhaust the pre-suit medical review panel process.[4]

**II.    § 1983 Claim**

The court reiterates that movants expanded their motion to dismiss via their reply brief to seek dismissal of plaintiff's § 1983 claims.[5]  They argue that plaintiff did not allege sufficient facts to plausibly suggest that they were deliberate indifferent to his serious medical needs.

As an initial matter, the court observes that plaintiff sued Hearn and Bouthe in their

---

[2]  Plaintiff did not argue that he had any state law tort claims against movants that were not subject to the LMMA.

[3]  The court may consider this evidence without converting plaintiff's motion to dismiss into a motion for summary judgment because the certificates are a matter of public record.  *See* http://www.doa.la.gov/Pages/pcf/PCFCertificateInformation.aspx (Last visited on May 11, 2018).  Moreover, plaintiff does not contest that Hearn and Bouthe are qualified healthcare providers.

[4]  The court declines plaintiff's alternative invitation to stay the state law tort claims during the pendency of the medical review panel process.  First, it is not clear that the court enjoys the authority to stay the claim under these circumstances.  Second, plaintiff's request for a stay presumes that the court will retain his § 1983 claim against Bouthe and Hearn.  That premise proves incorrect.  *See* discussion, *infra*.

[5]  Although defendants did not raise this argument until their reply brief, plaintiff has not sought leave of court to file a sur-reply to address this new issue.  To the extent that plaintiff is harboring an unarticulated response to defendants' expanded motion, he may incorporate that into his objection to the report and recommendation.

individual and official capacities.  It is manifest, however, that official capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (citing, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)).  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

When, as in this case, the local government entity itself is a defendant, i.e., LaSalle Corrections (Bouthe and Hearn's alleged employer), then official capacity claims against specific individuals employed by, or managers of, that entity are redundant and subject to dismissal. *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 877 (5th Cir. 2009) (citations omitted) (because local government entity was a named defendant, district court did not err in dismissing official capacity claims against its commissioners); *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268 (5th Cir.2015) (claim against mayor in his official capacity was treated as claim against the municipality itself); *see also Butler v. Craft*, No. 16-1158, 2017 WL 1366897, at *6 (W.D. La. Apr. 11, 2017) (collecting cases).

Furthermore, "[t]o state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).  Thus, a successful § 1983

claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

As a convicted inmate,[6] plaintiff's claim for inadequate medical care is analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment.[7]  To establish liability, an inmate must adduce facts which "clearly evince" a serious medical need and the prison official's deliberate indifference to it.  *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[8]

Deliberate indifference in the context of an episodic failure to provide reasonable medical care to a prisoner means that:  (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur. *Thompson v. Upshur County, Tx.*, 245 F.3d 447, 458-59 (5th Cir. 2001).  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not, is insufficient to show deliberate indifference."  *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*,

---

[6]  Plaintiff alleged only that he was an "inmate."  (Compl., ¶ III, 1).  He did not state that he was a pretrial detainee which would have implicated the due process guarantees of the Fourteenth Amendment.  *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000).  In any event, for episodic act cases, the same Eighth Amendment deliberate indifference standard is applied. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir.2001).

[7]  Movants do not contest that they were acting under color of state law.  Accordingly, for purposes of this motion, the court will assume that they meet this element of their § 1983 claim.

[8]  The court will assume for purposes of this motion that plaintiff's clavicle fracture and mistreated gastrointestinal disorder presented serious medical needs.

245 F.3d at 459.  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  "[A] delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm." *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (internal quotation marks omitted).

To establish deliberate indifference to serious medical needs, plaintiff must show that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). An incorrect diagnosis by medical personnel or medical malpractice does not amount to deliberate indifference.  *Id.*  Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.  *Id*.  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted). Furthermore, continuous medical care ordinarily precludes a finding of deliberate indifference on the part of prison officials.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992).

Here, plaintiff's complaint includes no more than conclusory allegations that Hearn and Bouthe were deliberately indifferent to his need for follow-up specialist treatment.  However, plaintiff does not allege *facts* to show that Hearn and Bouthe were personally made aware of his need for follow-up specialist care, and that they purposefully ignored it.  Accordingly, plaintiff's

9

allegations fall short of establishing the deliberate indifference prong of his Eighth Amendment
claim.

Plaintiff further alleges that defendants violated his right to equal protection under the
Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment essentially
requires a state actor to treat all similarly situated persons alike. *City of Cleburne, Tex. v.
Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). To state an equal
protection claim, a § 1983 plaintiff must allege either that "(a) a state actor intentionally
discriminated against [him] because of membership in a protected class [,] or (b) he has been
intentionally treated differently from others similarly situated and that there is no rational basis
for the difference in treatment." *Gibson v. Texas Dep't of Ins. – Div. of Workers' Comp.*, 700 F.3d
227, 238 (5th Cir. 2012) (citations and internal quotation marks omitted).

Here, plaintiff fails to set forth any facts to establish either of the foregoing elements of
his equal protection claim. Accordingly, his complaint does not state a claim for relief.

## Conclusion

As instructed by *Iqbal*, the court has accorded no weight to the generous dose of
conclusory allegations set forth in plaintiffs' complaint. *See Iqbal, supra*. Plaintiff's remaining
allegations contain no facts sufficient to confer plausibility upon his claims. Instead, the
complaint remains no more than "a formulaic recitation of the elements of a cause of action,"
which does not satisfy the Rule 8 pleading standard. *Id*.

Nonetheless, the court is obliged to "freely" grant leave to amend "when justice so
requires." Fed.R.Civ.P. 15(a)(2). Furthermore, "[d]istrict courts often afford plaintiffs at least
one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the

defects are incurable . . . " *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, it is conceivable that plaintiff can cure his deficient pleading via amendment. Accordingly, the instant recommendation of dismissal is subject to plaintiff's opportunity to seek leave of court to amend his complaint with a proposed pleading that cures the deficient allegations – *within the deadline to file objections to this report and recommendation*.

In the interim, and in the absence of a curative amendment,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted, [doc. # 17], filed by defendants, Pamela Hearn and Elijah Bouthe, be GRANTED, and that, as to said defendants only: 1) plaintiff's state law negligence and malpractice claims be DISMISSED, without prejudice; and 2) plaintiff's claims under 28 U.S.C. § 1983 be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).[9]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

---

[9]   To the extent that the undersigned has expanded upon the grounds for dismissal urged by movants, the instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). In any event, the court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).

the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 14th day of May 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE