UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TELVIN HENYARD, | * | |
| Plaintiff | * | CIVIL DOCKET NUMBER: |
| | * | 3:18-cv-00062 |
| | * | |
| VERSUS | * | |
| | * | JUDGE:  TERRY A. DOUGHTY |
| LASALLE CORRECTIONS, L.L.C; | * | |
| WARDEN RAY HANSON; DR. BOA; | * | MAG:    KAREN L. HAYES |
| DR. MYRA ROSS; WARDEN CHRIS | * | |
| STINSON; ELIJAH BOOTAT, LPN; | * | |
| DR. PAMELA HEARN; WILLIAM K. | * | |
| MCCONNELL; PAT TEMPLE; KEVIN | * | |
| SUMRALL; and JOHNNY CREED | | |
| Defendants. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW COMES **Telvin Henyard**, through undersigned counsel, and herby files this first supplemental and amending complaint against the above-named defendants based on their failure to treat his broken clavicle and severe gastrointestinal problems while he was in custody at the Richwood Correctional Center, L.L.C. ("RCC") and Madison Parish Correctional Center, LLC ("MPCC"), both of which are operated by defendant **LaSalle Corrections, LLC**.  Because defendants failed to address plaintiff's serious medical needs, he has been left with very limited mobility and is now permanently disabled.

### I. JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§ 1983.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the Fourteenth Amendment to the Constitution of the United States.  Plaintiff also invokes supplemental jurisdiction over claims under state constitutional and statutory law, pursuant to 28 U.S.C. § 1367.

1

## II. PARTIES

**(Plaintiff)**

2.    **TELVIN HENYARD** is an adult citizen of the State of Mississippi and is currently domiciled in Woodville, Mississippi.

**(Defendants)**

Named defendants herein are:

3.    **LASALLE CORRECTIONS, LLC,** whose principal place of business is in Ruston, Parish of Lincoln, State of Louisiana and does business in the Parishes of Ouachita and Madison, State of Louisiana.

4.    **WARDEN RAY HANSON**, who is sued in his individual and official capacities, as the Warden of Richwood Correctional Center. He is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana.  Mr. Hanson joined LaSalle in 2011. He has been responsible for all operations and programs at the Correctional Center from at least June 2017 to October 2017.  As such, he was responsible for the supervision and training of the staff at the Correctional Center.  He was a final policy maker with respect to the care of the inmates at the Correctional Center, and he is liable both directly and vicariously for the actions complained of herein.

5.    **WARDEN CHRIS STINSON**, who is sued in his individual and official capacities, as the Warden of Madison Parish Correctional Center. He is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana.  Mr. Hanson joined LaSalle in 2012.  He has been responsible for all operations and programs at the Correctional Center from at least June 2017 to October 2017.  As such,

2

he was responsible for the supervision and training of the staff at the Correctional Center.  He was a final policy maker with respect to the care of the inmates at the Correctional Center, and he is liable both directly and vicariously for the actions complained of herein.

6.      **DR. MYRA RUSS**, who is sued in her individual and official capacities, is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana.  Dr. Russ is a medical doctor who, on information and belief, was the medical director at the Richwood Correctional Center from at least June 2017 to October 2017.  As such, she was responsible for the administration, policies, practices, customs, and operations of the medical department at the Correctional Center.  She was responsible for the supervision and training of the medical staff at the Correctional Center.  She was a final policy maker with respect to the care of the inmates at the Correctional Center, and she is liable both directly and vicariously for the actions complained of herein.

7.      **ELIJAH BOOTHE,** who is sued in his individual and official capacities, is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana.  At all pertinent times, defendant **BOOTHE** was employed by defendant **LASALLE CORRECTIONS** as a Licensed Practical Nurse providing medical care at Madison Parish Correctional Center.  He was acting under color of law.

8.      **DR. PAMELA HEARN**, who is sued in her individual and official capacities, is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana.  Dr. Hearn is a medical doctor who, on information and belief, was the primary source of medical care at the Madison Parish Correctional Center from at least

June 2017 to October 2017.  As such, she was responsible for the administration, policies, practices, customs, and operations of the medical department at Madison Parish Correctional Center.  She was responsible for the supervision and training of the medical staff at the Correctional Center.  She was a final policy maker with respect to the care of the inmates at the Correctional Center, and she is liable both directly and vicariously for the actions complained of herein.

9.      **WILLIAM K. MCCONNELL**, who is sued in his individual and official capacities as a co-founder of LaSalle and as the Registered Agent of LaSalle, per the Louisiana Secretary of State's business filings.  He is an adult citizen and domiciled in the Western District of Louisiana.  At all times described herein, he was the Managing Director of LaSalle, and, as such, he oversees all aspects of LaSalle's operations, including the hiring, training, supervision, discipline and control of appropriate staff to maintain the care, custody, and control of prisoners in his charge.  He was responsible for all staffing levels of LaSalle facilities.  He was also responsible for the supervision, administration, policies, practices, customs, and operations of LaSalle Corrections and its facilities.  He was and is a final policy maker, and, at all pertinent times, was acting under color of law.  He is liable both directly and vicariously for the actions complained of herein.

10.     **PAT TEMPLE**, who is sued in his individual and official capacities as a co-founder of LaSalle.  He is an adult citizen and domiciled in the Western District of Louisiana.  At all times described herein, he was the Managing Director of LaSalle, and, as such, he oversees all aspects of LaSalle's operations, including the hiring, training, supervision, discipline and control of appropriate staff to maintain the care, custody,

4

and control of prisoners in his charge.  He was responsible for all staffing levels of LaSalle facilities.  He was also responsible for the supervision, administration, policies, practices, customs, and operations of LaSalle Corrections and its facilities.  He was and is a final policy maker, and, at all pertinent times, was acting under color of law.  He is liable both directly and vicariously for the actions complained of herein.

11.     **KEVIN SUMRALL**, who is sued in his individual and official capacities as Director of Operations of LaSalle.  He is an adult citizen and domiciled in the Western District of Louisiana.  At all times described herein, he was the Director of Operations of LaSalle, and, as such, he is responsible for the facility operations and development, and also monitors general operations at all of LaSalle's Louisiana facilities.  He oversees all aspects of LaSalle's operations, including the hiring, training, supervision, discipline and control of appropriate staff to maintain the care, custody, and control of prisoners in his charge.  He was responsible for all staffing levels of LaSalle facilities.  He was also responsible for the supervision, administration, policies, practices, customs, and operations of LaSalle Corrections and its facilities.  He was and is a final policy maker, and, at all pertinent times, was acting under color of law.  He is liable both directly and vicariously for the actions complained of herein.

12.     **JOHNNY CREED**, who is sued in his individual and official capacities as Chief of Operations of LaSalle.  He is an adult citizen and domiciled in the Western District of Louisiana.  At all times described herein, he was the Chief of Operations of LaSalle, and, as such, he is responsible for the facility operations and development, and also monitors general operations at all of LaSalle's Louisiana facilities.  He oversees all aspects of LaSalle's operations, including the hiring, training, supervision, discipline and

control of appropriate staff to maintain the care, custody, and control of prisoners in his charge. He was responsible for all staffing levels of LaSalle facilities. He was also responsible for the supervision, administration, policies, practices, customs, and operations of LaSalle Corrections and its facilities. He was and is a final policy maker, and, at all pertinent times, was acting under color of law. He is liable both directly and vicariously for the actions complained of herein.

### III. FACTUAL ALLEGATIONS

1. On June 19, 2017, plaintiff **HENYARD** was being held as an inmate at Richwood Correctional Center.

2. On that date, a light fixture in his unit (Unit 6) fell onto plaintiff **HENYARD** injuring him during the night while he was sleeping. The light fixture fell onto his right shoulder and knocked him to the ground. Specifically, his clavicle was broken.

3. Plaintiff **HENYARD** reported the incident and injury to the authorities at RCC, and he was routed to Conway Hospital for evaluation. The bone was set, and he was fixed in a brace. He was released at Conway with instructions that he be seen by an orthopedic doctor for further treatment, to include surgery if necessary. Defendants were informed of these instructions.

4. Despite being aware that plaintiff **HENYARD** required additional follow-up care from an orthopedic surgeon, defendants **DR. RUSS**, **WARDEN HANSON**, **MCCONNELL**, **TEMPLE**, **SUMRALL** and/or **JOHNNY CREED** failed to arrange for **HENYARD** to receive such follow-up care. These defendants ignored plaintiff **HENYARD's** visible and serious medical needs, which required surgical intervention for

6

proper healing.  For unbeknownst reasons, these defendants acted deliberately indifferently toward plaintiff's injuries and resultant serious medical needs.

5.      As a result of the untreated broken clavicle, plaintiff **HENYARD** also began to suffer from severe gastrointestinal problems.  Despite his medical charts indicating his allergy to Amoxicillin, defendant **DR. RUSS** and/or her personnel prescribed this medicine to plaintiff **HENYARD**, from which he suffered a serious reaction, including an elevated heart rate and loss of thirty (30) pounds, and had to be transported to Conway Hospital.

6.      In spite of being aware that plaintiff **HENYARD** required additional follow-up care for his gastrointestinal issues as he was continuing to lose weight, defendants **DR. RUSS, WARDEN HANSON**, **MCCONNELL**, **TEMPLE**, **SUMRALL** and/or **JOHNNY CREED** failed to arrange for plaintiff **HENYARD** to receive such follow-up care.  Acting deliberately indifferently, for unbeknownst reasons, these defendants ignored the risk that plaintiff **HENYARD's** serious medical needs required continual follow up care for proper healing.

7.      Because plaintiff **HENYARD** was continually requesting necessary medical care for his injuries, defendants **WARDEN HANSON**, **MCCONNELL**, **TEMPLE**, **SUMRALL** and/or **JOHNNY CREED** transferred plaintiff **HENYARD** to Madison Parish Correctional Center.  During this time, defendants **WARDEN STINSON, BOOTHE, DR. HEARN, MCCONNELL**, **TEMPLE**, **SUMRALL** and/or **JOHNNY CREED** failed to arrange for **HENYARD** to receive the necessary follow-up care for his broken clavicle and gastrointestinal issues.  For reasons unknown, these defendants acted deliberately indifferently to plaintiff's serious medical needs.

7

8.     On or about October 16, 2017, plaintiff **HENYARD** was released.  He ultimately learned that the bones in his arm and clavicle had healed improperly because he had not received the necessary follow-up care and/or surgery.  His right arm and shoulder are now permanently disfigured and disabled because defendants **WARDEN HANSON**, **DR. RUSS**, **WARDEN STINSON, BOOTHE, DR. HEARN, MCCONNELL, TEMPLE, SUMRALL** and/or **JOHNNY CREED** ignored the need for plaintiff **HENYARD** to receive the mandated follow-up care from an orthopedic surgeon, thus acting deliberately indifferently, for unbeknownst reasons, to plaintiff's serious medical needs.

9.     At all times mentioned herein, defendants **WARDEN HANSON**, **WARDEN STINSON, BOOTHE, DR. RUSS** and **DR. HEARN** were employed by defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED**, and were acting in the course and scope of their employment with defendants.

10.    At all times relevant to this suit, it was the policy and/or custom of defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** to fail to provide appropriate medical care, including follow up appointments with physician specialists, for the inmates who were within their care, custody, and control and to act deliberately indifferently toward inmates' serious medical needs.

11.    At all times relevant to this suit, it was the policy and/or custom of defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** to inadequately supervise and train their employees, including the

individual defendants identified herein, thereby failing to discourage constitutional violations by failing to provide adequate medical care for inmates in their care. Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** tolerated and implicitly encouraged the failure to provide appropriate medical care to inmates.

12. Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** knew or should have known of prior failures to perform duties on the part of the individual defendants in this case. Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** ignored these prior incidents and hired and/or retained these defendants nonetheless. In the alternative, defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** negligently hired and retained the individually named defendants in this case.

13. Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** knew or should have known that the inadequate training their staff received contributed to a pattern and practice of employees failing to perform essential duties, including making necessary arrangements for inmates to obtain follow-up care from physician specialists, constituting deliberately indifferent behavior.

14. Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED,** by their failure to properly supervise the individually named defendants, condoned, ratified, and encouraged the pattern and practice of failing to perform duties, including failure to arrange follow-up appointments, that contributed directly to failure to provide appropriate medical care for

9

the individuals in their custody, including plaintiff **HENYARD**.  These actions and/or failures on the part of defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED** show a deliberate indifference toward the constitutional rights of the plaintiff in this case.

15.    The above-described policies and customs demonstrate deliberate indifference on the part of the policy makers, defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL** and/or **JOHNNY CREED**, to the constitutional rights of persons within RCC and MPCC, and to the plaintiff in this case. These policies customs, actions, and inactions were both the factual and legal cause of the violation of the plaintiff's rights alleged herein.

16.    All of the defendants are liable to the plaintiff for compensatory and punitive damages.

17.    All of the defendants are liable jointly, severally, and *in solido* for the plaintiff's injuries.

18.    The defendants' actions were reckless, willful, wanton, and malicious, and constitute deliberate indifference to the rights of the plaintiff.  In the alternative, the defendants' actions were negligent.

### IV. CAUSES OF ACTION

19.    Plaintiff repeats and re-alleges each and every allegation of the complaint.

20.    *Constitutional Violations*: The defendants, acting individually and together, under color of law, acted to violate the plaintiff's right to due process and equal protection of the laws as protected by the Fourteenth Amendment of the United States Constitution, the Eighth Amendment to the U.S. Constitution, and 42 USC § 1983.  At all pertinent

10

times, the defendants, acting individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety and constitutional and civil rights of plaintiff.

21.      *Constitutional Claim Against Defendants LASALLE CORRECTIONS, MCCONNELL, TEMPLE, SUMRALL, JOHNNY CREED, WARDEN STINSON, WARDEN HANSON, DR. RUSS, BOOTHE, and DR. HEARN:*  Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE**, **SUMRALL**, **JOHNNY CREED, WARDEN STINSON,** and **WARDEN HANSON** established, condoned, ratified and encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of plaintiff's safety and his civil and constitutional rights.  Defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL**, **JOHNNY CREED, WARDEN STINSON,** and **WARDEN HANSON** knew of their employees' failure to perform their jobs in a constitutional manner, including their failures to arrange medically necessary follow-up care with specialists for those in his custody.  Nevertheless, defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL, JOHNNY CREED, WARDEN STINSON,** and **WARDEN HANSON** failed to take any appropriate steps to remedy the on-going violations of inmates' constitutional rights.  Defendants **DR. RUSS**, **BOOTHE** and **DR. HEARN** were likewise aware but failed to address the unconstitutional pattern and practice of failing to make arrangements to provide necessary follow-up care to inmates at RCC and MPCC.  At all pertinent times herein, defendants **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL, JOHNNY CREED, WARDEN STINSON, WARDEN HANSON, DR. RUSS, BOOTHE** and **DR.**

11

**HEARN** acted unreasonably and with deliberate indifference and disregard for the health and safety of plaintiff.

22.    *State Law Torts Against Defendants* **DR. RUSS, BOOTHE** *and* **DR. HEARN***:* The above described actions and inactions of defendants,  **DR. RUSS, BOOTHE** and **DR. HEARN**, who were healthcare professionals charged with the care of plaintiff **HENYARD**, fell beneath the applicable standard of care for such professionals and resulted in serious harm to **HENYARD**.  These defendants are therefore liable to the plaintiff for their negligence.

23.    *State law Torts Against Defendants* **LASALLE CORRECTIONS***,* **MCCONNELL***,* **TEMPLE***,* **SUMRALL***,* **JOHNNY CREED***,* **WARDEN STINSON,** *and* **WARDEN HANSON**: At all times relevant hereto, all of the individually named defendants were acting within the course and scope of their employment with defendant, **LASALLE CORRECTIONS**.  Therefore, the doctrine of *respondeat superior* applies for all state-law torts alleged in this Complaint and defendant **LASALLE CORRECTIONS** is liable to the plaintiff for the tortious acts of its employees.

**V. DAMAGES**

24.    As a result of the above-described civil rights violations, plaintiff **HENYARD** suffered physical injuries, mental and emotional pain and suffering, anguish and distress, embarrassment, humiliation, medical expenses and lost wages, all as will be determined at a trial of this matter.

25.    In addition to recovering damages, plaintiff **HENYARD** seeks reasonable attorneys' fees in accordance with 42 U.S.C. § 1988, plus judicial interest, and for the defendants to bear all costs of these proceedings.

## VI.   TRIAL BY JURY

The plaintiff requests a trial by jury of all issues so triable.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, **TELVIN HENYARD**, prays the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the state law claims, and after due proceedings there be a judgment in his favor and against defendants, **LASALLE CORRECTIONS**, **MCCONNELL**, **TEMPLE, SUMRALL, JOHNNY CREED, WARDEN STINSON, WARDEN HANSON, DR. RUSS, BOOTHE** and **DR. HEARN** holding them liable jointly, severally, and *in solido* as follows:

1.    Compensatory and punitive damages alleged herein, together with judicial interest,

2.    All attorneys' fees as provided in 42 U.S.C. §1988, and that the defendants bear all costs of these proceedings and all legal interest

3.    All further legal, equitable, and general relief available.

Respectfully submitted by:

/s/ Mark J. Neal_____
Mark J. Neal, APLC (La. Bar Roll No.:  24580)
**Neal Law Firm**
2485 Tower Drive, Suite 7
Monroe, LA 71201
Post Office Box 14657
Telephone:  (318) 807-0929
Facsimile:  (318) 807-0926
mneal@neallawfirm.net
**Counsel for Petitioner, Telvin Henyard**

**PLEASE SERVE DEFENDANTS**