UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TELVIN HENYARD** | * | **CIVIL ACTION NO. 18-0062**<br>**SEC. P.** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **LASALLE CORRECTIONS, L.L.C., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a second motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 31], filed by defendants, Pamela Hearn and Elijah Boothe. The motion is unopposed. For reasons set forth below, it is recommended that the motion be granted.

## Background

On January 18, 2018, Telvin Henyard, a former inmate, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, together with associated state law tort claims, against various officials and medical providers[1] at the Richwood Correctional Center ("RCC") and the Madison Parish Correctional Center ("MPCC").

On April 11, 2018, defendants, Pamela Hearn and Elijah Boothe, filed a motion to dismiss the original complaint for failure to state a claim upon which relief can be granted. [doc. # 17]. On May 14, 2018, the undersigned issued a report recommending that movants' motion to dismiss be GRANTED, and that, as to said defendants only: 1) plaintiff's state law negligence

---

[1] Named defendants included: LaSalle Corrections, L.L.C.; Warden Ray Hanson; Dr. Boa; Dr. Myra Ross; Warden Chris Stinson; Elijah Boothe, LPN; Dr. Pamela Hearn; William K. McConnell; Pat Temple; Kevin Sumrall; and Johnny Creed.

and malpractice claims be DISMISSED, without prejudice; and 2) plaintiff's claims under 28 U.S.C. § 1983 be DISMISSED, with prejudice.  (May 14, 2018, R&R [doc. # 21]).

On May 25, 2018, plaintiff filed objections to the Report and Recommendation [doc. # 22], together with a proposed amended complaint [doc. # 23].

On May 29, 2018, the District Court granted plaintiff leave to amend his complaint, and ordered

> that the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) on Grounds of Prematurity [Doc. No. 17] filed by Defendants Pamela Hearn and Elijah Bouthe is hereby GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Plaintiff's state law negligence and malpractice claims, and these claims against these Defendants are DISMISSED WITHOUT PREJUDICE. The motion is DENIED as to Plaintiff's claims under 42 U.S.C. § 1983.

*See* May 29, 2018 Mem. Ruling and Judgment [doc. #s 24-25].

The court further ordered that "in light of the filing of the Amended Complaint, Defendants should either file a second motion to dismiss if they contend that Plaintiff's claims under 42 U.S.C. § 1983 are deficient or file an answer within the allotted time." *Id*.

In accordance with the court order, the Clerk of Court docketed plaintiff's First Supplemental and Amending Complaint.  [doc. # 26].  The amended pleading corrected the names of some individual defendants, added a few conclusory allegations that defendants were deliberately indifferent to plaintiff's serious medical needs, and reasserted the state law negligence and malpractice claims against Hearn and Boothe that the court had dismissed.

On June 15, 2018, defendants Hearn and Boothe file the instant motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted.  In support of their motion, defendants noted that the court previously dismissed plaintiff's state law negligence and malpractice claims against them, and that the amended complaint still did not

allege facts (as opposed to conclusory allegations) to show that movants were deliberately indifferent to plaintiff's serious medical needs.

Plaintiff did not file a response to the motion to dismiss, and the time to do so has lapsed. *See* Notice of Motion Setting. [doc. # 32]. Therefore, the motion is deemed unopposed. *Id*.

## Analysis

Given the lack of opposition, the fact that the court previously dismissed plaintiff's state law negligence and malpractice claims, and that the amended complaint still does not allege facts to show that Hearn and Boothe were deliberately indifferent, the undersigned necessarily finds that movants are entitled to relief for the same reasons that supported the initial report and recommendation. Accordingly, the undersigned hereby adopts and incorporates by reference the reasoning and analysis set forth in the May 14, 2018, Report and Recommendation [doc. # 21].

Ordinarily, the court should accord plaintiff the opportunity to amend his complaint to state a claim for relief. However, the court already permitted plaintiff to amend his complaint once, but he fared no better the second time around. At this juncture, the court is not confident that plaintiff possesses any additional information to support his claims, and thus further amendment would prove futile. In any event, because the instant motion disposes of less than all claims and parties, it is not a final judgment and remains subject to revision at any time before conclusion of the case. Fed.R.Civ.P. 54(b).

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 31], filed by defendants, Pamela Hearn and Elijah Boothe, be

GRANTED, and that, as to said defendants only: 1) plaintiff's state law negligence and malpractice claims be DISMISSED, without prejudice; and 2) plaintiff's claims under 28 U.S.C. § 1983 be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of July 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE