UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TELVIN HENYARD                          CIVIL ACTION NO: 3:18-CV-00062

VERSUS                                  JUDGE TERRY A. DOUGHTY

LASALLE CORRECTIONS LLC, ET AL          MAG. KAREN L. HAYES

### ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come, LASALLE CORRECTIONS, LLC, WARDEN RAY HANSON, MYRA RUSS, WARDEN CHRIS STINSON, WILLIAM K. MCCONNELL, PAT TEMPLE, KEVIN SUMRALL, AND JOHNNY CREED (hereinafter referred to as "Defendants"), who deny all allegations of the First Supplemental and Amending Complaint, except for those allegations which are admitted, modified, or explained and who, with respect, represent the following:

### FIRST DEFENSE

The First Supplemental and Amending Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The First Supplemental and Amending Complaint does not set out federal subject matter jurisdiction.

### THIRD DEFENSE

Henyard failed to timely and/or properly initiate and/or exhaust the Administrative Remedies Procedures and/or grievance procedures as to all of his claims.  Accordingly, Henyard cannot proceed with the suit.

1.

The allegations contained in Paragraph 1 of the First Supplemental and Amending Complaint do not require an answer by Defendants; however, in an abundance of caution, all allegations made in Paragraph 1 of the First Supplemental and Amending Complaint are denied for lack of sufficient information upon which to base a belief.

2.

All allegations of Paragraph 2 of the First Supplemental and Amending Complaint are denied for lack of sufficient information upon which to base a belief.

3.

It is admitted that LaSalle Corrections, LLC has been made a defendant.  All other allegations of Paragraph 3 of the First Supplemental and Amending Complaint are denied.

4.

It is admitted that Warden Hanson has been employed at Richwood Correctional Center since 2011.  It is further admitted that Warden Hanson has been warden at the Richwood Correctional Center since 2014, through the present time and has performed his duties as called upon and as required by law.  It is further admitted that Warden Hanson promulgates policy at Richwood Correctional Center.  All other allegations of Paragraph 4 of the First Supplemental and Amending Complaint are denied.

5.

It is admitted that Warden Stinson was employed at Madison Parish Correctional Center. It is further admitted that Warden Stinson was warden at the Madison Parish Correctional Center since 2015, until September 16, 2018 and has performed his duties as called upon and as required by law.  It is further admitted that Warden Stinson promulgated policy at Madison Parish

Correctional Center.  All other allegations of Paragraph 5 of the First Supplemental and Amending Complaint are denied.

6.

It is admitted that Myra Russ has been named as a defendant. All other allegations of Paragraph 6 of the First Supplemental and Amending Complaint are denied.

7.

It is admitted that Elijah Boothe has been named as a Defendant.  All other allegations of Paragraph 7 of the First Supplemental and Amending Complaint are denied.

8.

It is admitted that Dr. Pamela Hearn is a medical doctor who has provided professional services at the Madison Parish Correctional Center.  All other allegations of Paragraph 8 of the First Supplemental and Amending Complaint are denied.

9.

It is admitted that William K. McConnell has been named as a defendant.  It is further admitted that he is the registered agent for service for LaSalle Corrections, LLC.  All other allegations of Paragraph 9 of the First Supplemental and Amending Complaint are denied.

10.

It is admitted that Pat Temple has been named as a defendant.  All other allegations of Paragraph 10 of the First Supplemental and Amending Complaint are denied.

11.

It is admitted that Kevin Sumrall has been named as a defendant.  All other allegations of Paragraph 11 of the First Supplemental and Amending Complaint are denied.

12.

It is admitted that Johnny Creed has been made a defendant. All other allegations of Paragraph 12 of the First Supplemental and Amending Complaint are denied.

13.

All other allegations of Subsection III, Paragraph 1 of the First Supplemental and Amending Complaint are admitted, based upon information and belief

14.

All allegations of Subsection III, Paragraph 2 of the First Supplemental and Amending Complaint are denied for lack of sufficient information upon which to base a belief.

15.

It is admitted that Henyard reported that he had been injured and that he was transported to LSU-Monroe Hospital for care and treatment. The specifics of Henyard's care and treatment are set out in the records of that hospital and are the best evidence of their contents. All other allegations of Subsection III, Paragraph 3 of the First Supplemental and Amending Complaint are denied for lack of sufficient information upon which to base a belief.

16.

All allegations of Subsection III, Paragraph 4 of the First Supplemental and Amending Complaint are denied.

17.

All allegations of Subsection III, Paragraph 5 of the First Supplemental and Amending Complaint are denied.

18.

All allegations of Subsection III, Paragraph 6 of the First Supplemental and Amending Complaint are denied.

19.

All allegations of Subsection III, Paragraph 7 of the First Supplemental and Amending Complaint are denied.

20.

All allegations of Subsection III, Paragraph 8 of the First Supplemental and Amending Complaint are denied.

21.

All allegations of Subsection III, Paragraph 9 of the First Supplemental and Amending Complaint are denied.

22.

All allegations of Subsection III, Paragraph 10 of the First Supplemental and Amending Complaint are denied.

23.

All allegations of Subsection III, Paragraph 11 of the First Supplemental and Amending Complaint are denied.

24.

All allegations of Subsection III, Paragraph 12 of the First Supplemental and Amending Complaint are denied.

25.

All allegations of Subsection III, Paragraph 13 of the First Supplemental and Amending Complaint are denied.

26.

All allegations of Subsection III, Paragraph 14 of the First Supplemental and Amending Complaint are denied.

27.

All allegations of Subsection III, Paragraph 15 of the First Supplemental and Amending Complaint are denied.

28.

All allegations of Subsection III, Paragraph 16 of the First Supplemental and Amending Complaint are denied.

29.

All allegations of Subsection III, Paragraph 17 of the First Supplemental and Amending Complaint are denied.

30.

All allegations of Subsection III, Paragraph 18 of the First Supplemental and Amending Complaint are denied.

31.

In answer to Subsection IV, Paragraph 19 of the First Supplemental and Amending Complaint, Defendants re-allege and re-aver all responses to each allegation of each paragraph of the First Supplemental and Amending Complaint as if copied herein in full.

33.

All allegations of Subsection IV, Paragraph 20 of the First Supplemental and Amending Complaint are denied.

34.

All allegations of Subsection IV, Paragraph 21 of the First Supplemental and Amending Complaint are denied.

35.

All allegations of Subsection IV, Paragraph 22 of the First Supplemental and Amending Complaint are denied.

36.

All allegations of Subsection IV, Paragraph 23 of the First Supplemental and Amending Complaint are denied.

37.

All allegations of Subsection V, Paragraph 24 of the First Supplemental and Amending Complaint are denied.

38.

All allegations of Subsection V, Paragraph 25 of the First Supplemental and Amending Complaint are denied.

**<u>FOURTH DEFENSE</u>**

Defendants aver that Henyard's claims made under 42 U.S.C. § 1983, et seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorneys' fees.

### FIFTH DEFENSE

In the alternative, Defendants aver that Henyard's damages, if any, were caused or contributed to by the fault of other persons or parties over whom these Defendants exercise no authority, jurisdiction, or control and for whose actions they are not legally responsible, such as the doctors, or healthcare providers at LSU-Shreveport Medical Center and/or LSU-Monroe (E. A. Conway) Medical Center, whose fault operates to bar or reduce any recovery herein.

### SIXTH DEFENSE

Defendants aver that, at all times herein, their actions were reasonable, justified, and legally permissible under the circumstances.

### SEVENTH DEFENSE

In the further alternative, and only in the event that fault or negligence is found on the part of any Defendant, then the allegations made in the Complaint and First Amended Complaint as to Dr. Hearn and/or Elijah Boothe are adopted herein to bar or reduce any recovery by their percentage of fault.

### EIGHTH DEFENSE

All individual Defendants' actions were reasonable under the circumstances, and were not taken with the knowledge that the actions were unconstitutional; thus, all individual Defendants are entitled to good faith immunity and/or defense.

### NINTH DEFENSE

All individual Defendants' plead that they are entitled to qualified immunity. (See Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L. Ed.2d 540 (1997), and dissent of Justice Scalia, Filansky v. Delia, 566 U.S. 377, 132 S.Ct. 1657, 182 L.Ed.2d 662 (2012) and, Saenz v. G4S Secure Solutions, 224 F.Supp 3d 477 (W.D. Tex 12/20/16).)

WHEREFORE, Defendants, LaSalle Corrections, LLC, Warden Ray Hanson, Myra Russ, Warden Chris Stinson, William K. McConnell, Pat Temple, Kevin Sumrall, and Johnny Creed , pray that:

(1)    This Answer be deemed good and sufficient;

(2)    After due proceedings are had, there be judgment herein dismissing plaintiff's claims, at his costs;

(3)    For all costs herein, including reasonable attorneys' fees;

(4)    Any Judgment rendered herein be reduced by the fault of all third parties;

(5)    That plaintiff's claims be declared frivolous; and

(6)    For all other just, general and equitable relief.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
LASALLE CORRECTIONS, LLC, WARDEN RAY
HANSON, MYRA RUSS, WARDEN CHRIS
STINSON, WILLIAM K. McCONNELL, PAT
TEMPLE, KEVIN SUMRALL, AND JOHNNY
CREED

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2018, I electronically filed the foregoing ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Telvin Henyard,
through his attorney of record,
Mark J. Neal, APLC (24580)
J. Jordan Haedicke (35612)
2485 Tower Drive, Suite 7
Monroe, LA 71201
Post Office Box 14657
P: 318/807-0929; F: 381/807-0926
E: mneal@neallawfirm.net

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant: None.

      /s/ H. Bradford Calvit
      H. BRADFORD CALVIT